1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    JENNIFER ORTHWEIN,                          Case No.  23-cv-00433-KAW

8                    Plaintiff,

9            v.                                  **ORDER DISMISSING CASE FOR
                                                 LACK OF SUBJECT MATTER
10   FELICIA MEDINA,                             JURISDICTION**

11                   Defendant.

12

13          On January 30, 2023, Plaintiff Jennifer Orthwein filed the instant case against Defendant

14   Felicia Medina.  (Compl., Dkt. No. 1.)  Plaintiff asserted that there was diversity jurisdiction, as

15   Plaintiff was domiciled in Alameda County, California and Defendant was domiciled in Hawaii.

16   (Compl. ¶¶ 2-3, 6.)

17          On February 28, 2023, Defendant filed a motion to compel arbitration.  (Dkt. No. 17.)

18   Defendant, however, appeared to dispute diversity jurisdiction, on the ground that Defendant

19   actually resided in Oakland, California.  (Dkt. No. 17-1 at 3 n.2.)  Plaintiff, in turn, argued that the

20   motion to compel arbitration was premature if there was no subject matter jurisdiction, and

21   requested that the Court order early and expedited discovery as to Defendant's domicile.  (Dkt.

22   No. 23 at 4-5.)  In response, Defendant provided a declaration, stating under penalty of perjury

23   that: (1) Defendant was domiciled in Oakland on the date the complaint was filed, living on a

24   property that she had owned since 2011, (2) Defendant intended to remain domiciled in Oakland,

25   (3) Defendant was registered to vote in Oakland, (4) Defendant had a California driver's license,

26   and (5) Defendant's only place of employment was with her firm in Oakland.  (Medina Decl. ¶¶ 3,

27   4, 8-10, 14.)  Defendant further explained that while she had temporarily lived in Hawaii in 2021

28   and part of 2022, she had frequently traveled to California for weeks at a time during this period.

United States District Court
Northern District of California

1    (Medina Decl. ¶ 13.)

2          Defendant's declaration is compelling evidence that Defendant was a resident of California

3    at the time the complaint was filed.  *Compare with Smith v. Breakthrough Int'l*, No. 12-cv-01832-

4    JST, 2013 U.S. Dist. LEXIS 60908, at *9-13 (N.D. Cal. Apr. 29, 2013) (disregarding the

5    plaintiffs' assertions of residency in the complaint and considering evidence regarding where the

6    plaintiffs lived).  Accordingly, there is no diversity jurisdiction in this case, and the Court must

7    *sua sponte* dismiss the case for lack of subject matter jurisdiction.  *See Spencer Enters. v. United

8    States*, 345 F.3d 683, 687 (9th Cir. 2003) ("This Court has the duty to consider subject matter

9    jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not."); Fed. R.

10   Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

11   court must dismiss the action.").  While the Court acknowledges Plaintiff's request for

12   jurisdictional discovery, Plaintiff identifies nothing that would suggest Defendant resided outside

13   of California at the time the complaint was filed.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1020

14   (9th Cir. 2008) ("The denial of Boschetto's request for discovery, which was based on little more

15   than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.");

16   *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("In their

17   brief, the Unions state only that they 'believe' that discovery will enable them to demonstrate

18   sufficient California business contacts to establish the court's personal jurisdiction.  This

19   speculation does not satisfy the requirement that they make 'the clearest showing' of actual and

20   substantial prejudice.").  It is entirely unclear what contradictory evidence Plaintiff would be able

21   to obtain through jurisdictional discovery, particularly given Defendant's statements under penalty

22   of perjury.

23         Accordingly, the Court DISMISSES the case without prejudice for lack of subject matter

24   jurisdiction.  The Clerk of the Court is directed to close the case.

25         IT IS SO ORDERED.

26   Dated: April 7, 2023

27                                                              _Kandis Westmore_

28   KANDIS A. WESTMORE
     United States Magistrate Judge

*United States District Court*
*Northern District of California*